UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL A. COOPER,
    *Plaintiff*,

v.

DOE *et al.*,
    *Defendants*.

No. 3:19-cv-01794 (JAM)

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Cooper has filed a civil rights complaint under 42 U.S.C. § 1983 against numerous officials of the Connecticut Department of Correction. On April 21, 2020, I entered an initial review order dismissing all claims against all defendants except for Cooper's claim for money damages against Dr. George Bozzi for deliberate indifference to his serious medical needs under the Eighth Amendment. Doc. #25; *Cooper v. Cook*, 2020 WL 1923233, at *1 (D. Conn. 2020). I concluded that the complaint alleged a plausible claim for relief against Dr. Bozzi with respect to a dental examination that occurred in June 2019. The complaint alleged in relevant part "Dr. Bozzi performed only a perfunctory examination of Cooper's teeth and rejected the need for any dental treatment despite the need for such treatment being 'obvious' and 'visible with the naked eye,'" and that "Dr. Bozzi lied about what DOC permitted in-house dentists to do … and that before even examining Cooper he declared that Cooper would not receive any treatment from him, apparently because he was short-staffed." *Id.* at *4 (internal citations omitted).

Dr. Bozzi has now moved for summary judgment. Doc. #34. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). I must view the facts in

the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable factfinder to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues of fact but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

This Court's local rules require any party that moves for summary judgment to file a statement of undisputed material facts along with supporting evidence. *See* D. Conn. L. Civ. R. 56(a)(1). According to the statement filed by Dr. Bozzi, when he examined Cooper on June 12, 2019, it was solely for a complaint of discomfort in two of Cooper's teeth which had been prepared for crowns. Doc. 34-2 at 2 (¶¶ 11-12). These two teeth were not decayed and were highly unlikely to deteriorate or cause any additional dental issues; this was determinable through clinical observation without the need for x-rays. *Ibid.* (¶ 13). There was no indication to Dr. Bozzi that Cooper had any broken teeth or abscesses. *Ibid.* (¶ 14). The lack of crowns on these two teeth should not have caused pain, deterioration, decay or any additional dental issues due to the remaining tooth structure and location of the teeth. *Id.* at 3 (¶ 18).

In light of Cooper's complaint about discomfort, Dr. Bozzi prescribed him Ibuprofen to treat the discomfort or pain. *Ibid.* (¶ 19). Dr. Bozzi did not thereafter evaluate or treat Cooper. *Ibid.* (¶ 20). Although Cooper was transferred the following month to another facility and subject to x-rays at that time showing a possible tooth fracture and impacted wisdom tooth, these problems related to teeth other than the two teeth that Cooper had complained to Dr. Bozzi

about, and these problems were not present on earlier x-rays of Cooper's teeth which Dr. Bozzi had reviewed when he evaluated Cooper on June 12, 2019. *Ibid.* (¶¶ 21-24).

Cooper has not filed any objection or other response to the motion for summary judgment, and the time for him to do so has now expired. Under this Court's local rules, the Court may accept as true those facts that are set forth in a statement of material facts and that are supported by evidence if the non-moving party fails to dispute such facts by means of filing a statement of material facts in response to the moving party's statement of material facts. *See* D. Conn. L. Civ. R. 56(a)(1); *see also Jackson v. Federal Exp.*, 766 F.3d 189, 194-95 (2d Cir. 2014).

I have determined that the facts set forth in Dr. Bozzi's statement are well-supported in the evidence, and I accept these facts to be true. In light of these facts it is evident to me that there is no genuine fact issue to sustain Cooper's deliberate indifference claim under the Eighth Amendment. Such a claim requires Cooper to show in part that Dr. Bozzi acted not merely carelessly or negligently but that he acted with a subjectively reckless state of mind akin to criminal recklessness (*i.e.*, reflecting actual awareness of a substantial risk that serious harm would result). *See, e.g., Spavone v. N.Y. State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*). The undisputed facts as set forth in Dr. Bozzi's statement of material facts do not suggest that Dr. Bozzi acted recklessly or with deliberate indifference to Cooper's serious medical needs.

Moreover, to the extent that Cooper's claim against Dr. Bozzi might be understood to allege a claim for medical malpractice under state law, the record does not show that at the time of the filing of the complaint there existed a basis for federal diversity jurisdiction under 28

3

U.S.C. § 1332 over any state law claims. In the absence of any federal law claims, I otherwise decline in my discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims.

For the reasons set forth above, the Court GRANTS the unopposed motion for summary judgment of defendant Dr. George Bozzi. The Clerk of Court shall enter judgment and close this case.

It is so ordered.

Dated at New Haven this 7th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge